# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

OCT 2 4 2012

CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

KEVIN STEVENS, JR.

Defendant.

Case Number: 2:11CR00073-001

USM Number: 78368-083

Defendant's Attorney: Emily Munn and David Good

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1,2,3,4, and 5 of the Second Superseding Indictment after a trial by jury.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18:1951 | Conspiracy to Interfere With Commerce by Violence | Felony | October 6, 2010 | 1 |
| T.18:1951 and 2 | Attempt to Interfere With Commerce by Robbery | Felony | October 6, 2010 | 2,4 |
| T.18:924(c)(1)(A)(i) and 2 | Use and Carry a Firearm During a Violent Crime | Felony | October 5, 2010 | 3 |
| T.18:924(c)(1)(A),(j)(1), and 2 | Use of a Firearm Causing Death During a Violent Crime | Felony | October 6, 2010 | 5 |

As pronounced on October 23, 2012, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 23rd day of October, 2012.

/s/
Rebecca Beach Smith
Chief
United States District Judge

Rebecca Beach Smith
Chief United States District Judge

**Case Number:** 2:11CR00073-001
**Defendant's Name:** STEVENS, JR., KEVIN

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE PLUS SIXTY (60) MONTHS. This term of imprisonment consists of a term of LIFE on Count 5; a term of TWO HUNDRED FORTY (240) MONTHS on Count 1, to be served concurrently; a term of TWO HUNDRED FORTY (240) MONTHS on Count 2, to be served concurrently; a term of TWO HUNDRED FORTY (240) MONTHS on Count 4, to be served concurrently; and a term of SIXTY (60) MONTHS on Count 3, to be served consecutively to all other counts.

The Court makes the following recommendations to the Bureau of Prisons:

1) The court directs that the defendant shall further his education by obtaining his General Equivalency Diploma (GED) and by developing a skill.

2) The court directs that the defendant shall participate in a substance abuse treatment and counseling program, to include the Residential Drug Abuse Treatment Program (RDAP).

3) The court directs that the defendant shall undergo a mental health evaluation and receive appropriate mental health treatment and counseling.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: ______________________________

______________________________

Defendant delivered on ______________________ to ______________________
at ______________________, with a certified copy of this Judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

Case 2:11-cr-00073-RBS-LRL Document 285 Filed 10/24/12 Page 3 of 6 PageID# 1523
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Page 3 of 6

Case Number: 2:11CR00073-001
Defendant's Name: STEVENS, JR., KEVIN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a term of THREE (3) YEARS on Count 1, a term of THREE (3) YEARS on Count 2, a term of FIVE (5) YEARS on Count 3, a term of THREE (3) YEARS on Count 4, and a term of FIVE (5) YEARS on Count 5, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Case 2:11-cr-00073-RBS-LRL   Document 285   Filed 10/24/12   Page 4 of 6 PageID# 1524   Page 4 of 6
Sheet 3A – Supervised Release

Case Number: 2:11CR00073-001
Defendant's Name: STEVENS, JR., KEVIN

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall continue to participate in a substance abuse treatment and counseling program, to include in-patient treatment if necessary, at the direction and discretion of the probation officer. The defendant shall bear partial costs of this program.

2) The defendant shall continue to participate in a mental health treatment and counseling program at the direction and discretion of the probation officer. The defendant shall bear partial costs of this program.

3) The court does not deny federal benefits because the denial is not applicable.

4) The defendant shall not have any contact with members of the Big Money Boys (BMB), or any other gang during his period of supervised release.

Case Number: 2:11CR00073-001
Defendant's Name: STEVENS, JR., KEVIN

| | |
|---|---|
| Case Number: | 2:11CR00073-001 |
| Defendant's Name: | STEVENS, JR., KEVIN |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| 5 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$500.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

Case Number:        2:11CR00073-001
Defendant's Name:   STEVENS, JR., KEVIN

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.